110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cherokee MARCILIS-BEY, Plaintiff-Appellant,
v.
K. KLUJEAK, C-262 ARUM, et al., Defendants,
L. McGee, Defendant-Appellee.
 No. 96-1475.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: KEITH, MERRITT, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Cherokee Marcilis-Bey, a Michigan state prisoner, appeals pro se a summary judgment for the defendant prison employee in a civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Marcilis-Bey filed this action alleging that the defendant had filed two minor misconduct charges of loitering against him in retaliation for his filing of a grievance against the guard, in violation of his First Amendment rights. The record showed that Marcilis-Bey was placed on "top lock" status for seven days as a result of these charges, which essentially means that he was confined to his cell for those days. The defendant moved for summary judgment, which a magistrate judge recommended be denied. The district court, however, rejected this recommendation and granted the motion for summary judgment, concluding that the conduct ascribed to the defendant was not an egregious abuse of governmental power, shocking to the conscience, and did not amount to a constitutional violation. This appeal followed.
 
 
 3
 Upon review, we conclude that the defendant was properly granted summary judgment, as there is no genuine issue of material fact and he is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 4
 Even if Marcilis-Bey's unsupported assertion that the misconduct charges were filed in retaliation for his grievance is accepted as sufficient to withstand a summary judgment challenge, the district court properly concluded that his placement on top lock status for seven days was not an egregious abuse of governmental power, shocking to the conscience, in order to state a constitutional claim. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988).
 
 
 5
 Marcilis-Bey argues that the analysis in Cale should not be applied to his claim, but that it should be analyzed as a First Amendment violation rather than a substantive due process violation. Nevertheless, he has not stated a claim of retaliation because he has not shown any adverse consequences resulting from his placement on top lock status which impaired his First Amendment rights. See American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Maryland, 999 F.2d 780, 785 (4th Cir.1993). Marcilis-Bey did not allege, and the record does not show, that his placement on top lock status prevented him from continuing to file grievances.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.